# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CAESAREA DEVELLE JAMES, JR., | Case No. 1:09-cv-038 |
| Plaintiff | |
| vs | Beckwith, J.<br>Hogan, M.J. |
| GUARANTEED RATE, INC., | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Plaintiff Caesarea Develle James, Jr. brings this action pro se against Guaranteed Rate, Inc. On January 21, 2009, plaintiff filed a "complaint for preliminary and permanent injunction, under Rule 6(b), 12, 56 and other equitable relief." (Doc. 4). At the time plaintiff submitted his "complaint," he also submitted copies of a complaint for foreclosure and motion for summary judgment filed by Guaranteed Rate against Mr. James and others in the Warren County, Ohio Court of Common Pleas. (Doc. 2). Under the "Origin" section of the Civil Cover Sheet submitted in conjunction with these documents, Mr. James checked "Removed from State Court." (Doc. 6, Exh. F).

Defendant filed a motion to dismiss asserting that to the extent plaintiff's action may be an attempt to remove the state court foreclosure action to federal court, removal is improper because the federal court lacks removal jurisdiction over the matter. (Doc. 6 at 3). Defendant also argued that to the extent plaintiff's action may be construed as an original action against Guaranteed Rate, the complaint fails to state a claim upon which relief can be granted and should be dismissed. (Doc. 6 at 4-5).

On February 9, 2009, Mr. James filed a "Notice to Clarify Complaint for Transfer of

Common Pleas Foreclosure Case to the Federal District Court of Ohio." (Doc. 7). In his "Notice," Mr. James states, "Now comes Debtor, Caesarea Develle James, in Pro Se, for its complaint to Clarify the filing of complaint to have removed the following case of foreclosure from the Common Pleas Court Warren County, Ohio Case4 n. 07CV 69270 the the (sic) United States District Court Southern District of Ohio Case No. 1:09-CV-00038." *Id.*

Plaintiff then filed a "motion for emergence (sic) expediated (sic) stay pending motion order granting plaintiff motion for permanent injunction," essentially seeking a stay of the state foreclosure action. (Doc. 9 at 6).

Defendant filed a second motion to dismiss arguing that to the extent plaintiff's action rests on the Anti-Injunction Act, 28 U.S.C. § 2283–which precludes the United States District Courts from granting injunctions against state courts–his complaint fails to state a claim for relief and must be dismissed. (Doc. 10).

Plaintiff then filed an Amended Complaint (Doc. 11) and corrected Amended Complaint (Doc. 12) alleging that "[t]his is an action for violation of the Federal Fair Debt Collection Practices Act[,] 15 U.S.C. § 1692e(2), (5) and (10), [and] Ohio's Pattern of Corrupt Activities Act R.C. § 2923.32 (Ohio Rico)." (Doc. 12 at 1). Plaintiff requests the Court "to Vacate and Set Aside the Judgment entered on the 06- day of FEB., 2009, vacate and set aside the order dated 17 day of FEB., 2009 setting the sale date, Common Pleas Court for Warren County of Ohio case no. 07 CV 69270. . . ." (Doc. 12 at 1).

For the reasons that follow, this Court should sua sponte dismiss this case as frivolous under 28 U.S.C. § 1915(e)(2)(B)and for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(h)(3).[1]

I. The Removal Action Should Be Dismissed for Lack of Jurisdiction.

On August 7, 2007, Guaranteed Rate, Inc. filed a foreclosure action in the Court of Common Pleas of Warren County, Ohio against Mr. James and others alleging that Mr. James defaulted on two loans secured by mortgages on the property at 7490 Country Brook Court, Springboro, Ohio. (Doc. 6, Exh. E). The complaint alleges that Guaranteed Rate is the holder of the two mortgages. The foreclosure complaint alleged that as of March 1, 2007, Mr. James owed $724,828.54 on the two loans. *Id.*

Mr. James filed bankruptcy on November 27, 2007, creating an automatic stay pursuant to 11 U.S.C. § 362. *See In re Caesarea Develle James*, Case No. 07-35182 (Bankr. S.D. Ohio Nov. 27, 2007). On November 17, 2008, the Bankruptcy Court order the subject real estate abandoned from the estate, thereby releasing it from the stay. (Doc. 10, Exh. F). On February 6, 2009, the state court entered judgment in favor of Guaranteed Rate and ordered the sale of the property. (Doc. 10, Exh. G).

Meanwhile, on January 16, 2009, Mr. James filed documents in this federal court purporting to remove the state foreclosure action to this Court. (Doc. 4). While not entirely clear, the Amended Complaint also appears to seek removal of the state court action to federal court.

---

[1] Section 1915(e)(2)(B)(i) provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal is frivolous or malicious." (Emphasis added). "Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3)." *Young v. Scharf*, No. 1:07-cv-531, 2007 WL 2123767, at *2 n.2 (S.D. Ohio July 20, 2007) (citing *Carlock v. Williams*, 182 F.3d 916 (table), 1999 WL 454880, at *2 (6th Cir. June 22, 1999)).

(Doc. 12 at 19, "Defendant prays that this honorable court grant his motion for to stop foreclosure, remove case from state court and to order evidentiary hearing.").[2]

To the extent Mr. James' federal court filings are an attempt to remove the state court foreclosure action to this federal court, this Court lacks original jurisdiction over the state court foreclosure action and removal is improper.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removal statute is to be strictly construed and in doubtful cases the exercise of jurisdiction is to be rejected. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

To the extent Mr. James premises removal on the basis of the Court's federal question jurisdiction, such jurisdiction is lacking. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28

---

[2]Plaintiff's amended complaint supersedes the original complaint and is the "legally operative complaint." *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001).

4

U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the state court plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The state court plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007). Nor may a federal counterclaim serve as the basis for "arising under" federal jurisdiction pursuant to 28 U.S.C. § 1331. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002); *see also Chase Manhattan Mortgage Corp*, 507 F.3d at 914-15 ("it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction ....").

Mr. James fails to establish this Court has original federal question jurisdiction over the

5

foreclosure complaint filed in the Warren County Court of Common Pleas. The face of the state court complaint fails to show this case arises under the Constitution or laws of the United States. (Doc. 10, Exh. E). Mr. James does not assert the state court action is based on a federal claim. Mr. James acknowledges that the state court action involves a mortgage foreclosure, but appears to be arguing that defendant Guaranteed Rate lacks a legal interest in the property and violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. (See Doc. 8 at 1-3, Doc. 12 at 2, 3-4, 8). As noted above, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12. Thus, Mr. James' federal defense does not permit him to remove the foreclosure action from state to federal court. The foreclosure complaint remains an action between private parties to determine the contractual rights to private property. *See Federal National Mortgage Assoc. v. Le Crone*, 868 F.2d 190 (6th Cir. 1989) (upholding district court's dismissal of FNMA's action to foreclose LeCrone's mortgage for lack of subject matter jurisdiction after removal from state court and vacating district court's entry of summary judgment on the case). Thus, Mr. James fails to meet his burden of showing federal question jurisdiction in this matter. Nor may this matter be removed to the federal court on the basis of diversity jurisdiction. Mr. James is a resident of Ohio and may not remove the state court action on this basis. Removal based on diversity of citizenship is proper only where the state court defendant is not a citizen of the forum state. The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal.

*Chase Manhattan Mortgage Corp.*, 507 F.3d at 914; *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Mr. James is a resident of Ohio, removal is barred under section 1441(b). Moreover, no case may be removed from state to federal court based on diversity of citizenship "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Mr. James' original removal documents were presented to the Clerk of this Court on January 16, 2009, more than one year after the state court foreclosure action was commenced.[3] Accordingly, the removal of the action would be untimely even if the Court did have diversity jurisdiction in this matter, which it does not.

The Court lacks subject matter jurisdiction over this case for purposes of the purported removal action and this matter should be remanded back to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, this matter should be dismissed on the basis of improper removal.

II. The Amended Complaint Should Be Dismissed for Lack of Jurisdiction.

To the extent Mr. James' Amended Complaint is construed as an original action under the FDCPA, 15 U.S.C. § 1692, this case should be dismissed because the Court lacks subject matter jurisdiction.

Mr. James' Amended Complaint is confusing. The Amended Complaint does not contain a short plain statement showing Mr. James is entitled to relief. Rather, the Amended Complaint is a compilation of case, statutory, and regulatory citations interspersed with a sprinkling of factual allegations. As best as the Court can discern, Mr. James is alleging that Guaranteed Rate Inc. violated the FDCPA's prohibition against "false, deceptive, or misleading representation or

---

[3]The state court foreclosure action was filed on August 31, 2007. (Doc. 2, attachment).

7

means in connection with the collection of any debt," 15 U.S.C. § 1692e, because it filed a state court foreclosure action when it lacked legal title to the subject property. (Doc. 12 at 2). Mr. James asks this federal court to vacate and set aside the state court foreclosure judgment and order setting the date for sale of the property (Doc. 12 at 1) and to "stop [the] foreclosure." (Doc. 12 at 19). However, this Court is prohibited from acting as an appellate court to review the decision of Common Pleas Court in this matter.

Mr. James essentially seeks to overturn the judgment of the state trial court–a de facto appeal from the state court judgment against him over which this federal court is without jurisdiction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[T]he *Rooker-Feldman* doctrine . . . stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir.), *cert. dismissed*, 516 U.S. 983 (1995). The Supreme Court recently reaffirmed that the *Rooker-Feldman* doctrine applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.*, 544 U.S. 280, 284 (2005). The Sixth Circuit "has 'distinguished between plaintiffs who bring an impermissible attack on a state court judgment--situations in which *Rooker-Feldman* applies–and plaintiffs who assert independent claims before the district court–situations in which *Rooker-Feldman* does not apply.'" *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citations omitted). The crucial question is whether

the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence*, 531 F.3d at 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.'" *Id.* (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006).

In the instant case, the source of Mr. James' injury is the judgment of foreclosure issued by the state court. In order for this Court to grant Mr. James the relief he seeks, a setting aside and vacation of the state court judgment, the Court would be required to review the correctness of the state court judgment–the precise action forbidden under *Rooker-Feldman*. In a similar case, the Sixth Circuit upheld the dismissal of a case under the *Rooker-Feldman* doctrine, explaining:

> Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker - Feldman*. Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker - Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, *Rooker - Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).
>
> Givens' suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from

9

>physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* was appropriate. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 489-90 (6th Cir. 2005) ( *Rooker - Feldman* barred FDCPA action filed after entry of state foreclosure decree and order of sale).

*Givens v. Homecomings Financial*, 278 Fed. Appx. 607, 608-609 (6th Cir. 2008). Similarly, other federal complaints with their genesis in state foreclosure actions have been dismissed under the *Rooker-Feldman* doctrine. *See Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929 (6th Cir. 2002); *Snype v. First Franklin Corp.*, No. 5:08-cv-1282, 2008 WL 2230765 (N.D. Ohio May 28, 2008); *Byrd v. Homecomings Financial Network*, 407 F. Supp.2d 937, 943 (N.D. Ill. 2005); *Sinclair v. Bankers Trust Co. of Cal. N.A.*, No. 5:05-cv-072, 2005 WL 3434827 (W.D. Mich. Dec. 13, 2005). *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487 (6th Cir. 2005) (post-*Exxon Mobil* decision applying *Rooker-Feldman* to Fair Debt Collection Practices Act action where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid."); *Bell v. Fairbanks Capital Corp. a/k/a Select Portfolio Services*, Case No. 2:07-cv-00633, 2008 WL 3475687, at *2 (S.D. Ohio Aug. 11, 2008) (lawsuit barred by *Rooker-Feldman* where plaintiff sought "only injunctive relief which would, in effect, have prevented the Sheriff from selling the Estate's home pursuant to the state court judgment of foreclosure."); *O'Neal v. Nationstar Mortgage*, No. 1:07-cv-505, 2008 WL 3007834, at *4-*5 (S.D. Ohio Aug. 1, 2008) (plaintiff's claims under Truth-In-Lending Act, 15 U.S.C. § 1601, Equal Credit Opportunity Act, 15 U.S.C. § 1691, and Real Estate Settlement Procedures Act, 12

U.S.C. § 2601, challenging state court foreclosure decree barred by *Rooker-Feldman*).

In the instant case, the relief that Mr. James seeks–that the Court vacate and set aside the state court judgment–is premised on the ground that the state court foreclosure was invalid because Guaranteed Rate allegedly did not own legal title to the property. Not only has the state court explicitly found otherwise (Doc. 10, Exh. G), but Mr. James' request would require this Court to essentially reverse the state court judgment of foreclosure. To sustain Mr. James' Amended Complaint in this case would require this Court to act as an appellate tribunal and conclude the Ohio state court made the incorrect decision in the state foreclosure action. Under the *Rooker-Feldman* doctrine, this Court is without the authority to do so. Accordingly, the Court lacks subject matter jurisdiction over Mr. James' Amended Complaint.[4]

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Amended Complaint be sua sponte **DISMISSED** for lack of jurisdiction.

2. Defendant's motions to dismiss (Docs. 6, 10) be **DENIED** as moot.

3. Plaintiff's "motion for emergence (sic) expediated (sic) stay pending motion order granting plaintiff motion for permanent injunction" (Doc. 9) be **DENIED**.

4. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

---

[4] The Court notes that in any event, Mr. James' FDCPA would be barred by the statute of limitations. A FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Mr. James alleges that Guaranteed Rate's filing of a foreclosure action in state court without the requisite legal title violates the FDCPA. (Doc. 12 at 2). Mr. James filed his federal court action on January 16, 2009, over one year after Guaranteed Rate filed its complaint in foreclosure in the state court. (Doc. 10, Exh. E, filed August 31, 2007).

11

appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Date: 3/16/09

Timothy S. Hogan, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CAESAREA DEVELLE JAMES, JR.,
    Plaintiff

vs

GUARANTEED RATE, INC.,
    Defendant.

Case No. 1:09-cv-038

Beckwith, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Caesarea Derelk James, Jr.<br>7440 Country Brook Court<br>Springboro, OH 45066 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4841 |
| PS Form 3811, August 2001 | Domestic Return Receipt　102595-01-M-2509 |

1:09cv38 (Doc.15)